VELA, APPELLANT, v. CRUZ ET AL.; RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1.

No. 972.—Decided May 19, 1913.

EXECUTION—LIMITATION OF TIME FOR EXECUTION—STAY OF EXECUTION.—In accordance with sections 239 and 243 of the Code of Civil Procedure, the legal period within which execution may issue on a judgment is five years, and the time during which execution is stayed by order of a court cannot be excluded in the computation of said period.     *Millin* v. *Aldrey, District Judge,* 16 P. R. R., 373.

ID.—NOTICE—WAIVER—RECORD.—When it appears from the record that notice of a motion for the execution of a judgment which had become prescribed had already been served on the adverse party and there is nothing to show that the said party agreed to the issuance of the execution, the statement by the court in its decision that it sustained the motion with the approval of the attorney for said party is not sustained by the record and is not sufficient to effect the waiver of a right of the prejudiced party.

ID.—RECORDING JUDGMENT—LIMITATION OF TIME.—It is not necessary to enter in the judgment record created by the revised Code of Civil Procedure all judgments previously rendered in order that they may be executed, and the five years allowed by section 239 of the Code of Civil Procedure should be computed from the date of the rendition and proclamation of such judgments according to the former Code of Civil Procedure.

The facts are stated in the opinion.

*Mr Artemio Rodríguez* for appellant.

The respondents did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

On August 24, 1903, a judgment was rendered by the Municipal Court of Bayamón against Isaías Cruz and Florentina Reyes and in favor of Ricardo Velá for the sum of $358.74. An appeal taken therefrom was held to have been abandoned on September 19, 1903, and the lower court was notified accordingly. On January 18, 1904, the municipal court ordered that the record be sent up to the district court in compliance with an order which the latter court issued in certain intestate proceedings instituted by Florentina Reyes, said order being to the effect that said record be sent up and the execution be stayed. On October 28, 1909, the dis-

trict court held that the intestate proceedings had been abandoned and revoked the order staying the execution. On November 27, 1911, the plaintiff moved the municipal court to order the execution of the judgment and at the foot of the motion appeared the following: "Service with copy acknowledged this date. E. Márquez, attorney for defendants." The decision of the court reads: "The foregoing motion filed by the attorney for the plaintiff, with the approval of the attorney for the defendants, having been considered, the motion is granted."

Shortly after, or during April, 1912, the municipal court, on motion of some of the defendants, vacated said order for execution and the decision of the District Court of San Juan, Section 1, affirming the same gave rise to the present appeal taken by the plaintiff or judgment creditor.

Three grounds are alleged in support of the appeal:

1. The proceedings in this case having been stayed by order of the District Court of San Juan in intestate proceedings, in which this plaintiff and appellant was not a party, the question arises as to whether or not in computing the five years fixed by the present Code of Civil Procedure for the execution of judgments the time during which execution was stayed by order of a superior court should be excluded.

2. The order for execution having been entered with the approval of the defendants' attorney, as is shown in the order of the municipal court itself, can the defendants subsequently request that the execution be recalled and the auction sale be definitively suspended on account of the expiration of the time allowed for the execution of said judgment?

3. Has the time fixed by law for the execution of judgments really expired when said judgment does not appear to be recorded according to the provisions of the Code of Civil Procedure now in force?

The question propounded in the first ground of appeal has been answered already by this court in the case of *Millín*

v. *Aldrey, District Judge,* 16 P. R. R., 373, which is identical
to the case at bar, coinciding even as regards the dates and
the laws governing the proceedings. In the Millín case, as in
this case, judgment was rendered in Bayamón in 1903; in
both cases execution was stayed by order of the District Court
of San Juan, the only difference being that in one case the
order was entered in proceedings in intervention and in the
other in intestate proceedings; in both cases the order to
stay was revoked in 1909; in both cases an order for execu-
tion was granted and subsequently revoked and in the one
case as well as the other more than five years had elapsed
from the time the Code of Civil Procedure of 1904 went into
effect to the time when the execution was asked for and the
legal period had expired by operation of law, according to
sections 239 and 243 of the Code of Civil Procedure.

The appellant contends that the cases are not analogous
inasmuch as in the Millín case the creditor could intervene
in the proceedings in intervention and ask that his rights
be protected, whereas the order in the case at bar was made
in intestate proceedings in which he neither was nor could
be a party. This argument is not tenable inasmuch as both
under article 972 of the old Code of Civil Procedure and sec-
tion 23 of our Special Legal Proceedings Act, creditors with
written titles had and still have the right to intervene in said
proceedings. Hence the doctrine laid down in the case of Mi-
llín, *supra,* is applicable to the case before us and the error
alleged in the first assignment was not committed as the right
to execute the judgment had become extinguished.

In the second assignment of error it is alleged that as the
defendants agreed to the enforcement of the execution they
cannot ask later that it be vacated, as their plea of five years'
prescription had been waived. The error alleged rests on
a false basis. It appears in the record that notice of the mo-
tion asking for the execution was served on the attorney for
the defendants; but it does not appear therein that he agreed

to the issuance of such order, and while the court states in its decision that it had considered the motion with the approval of the attorney for the defendants, nevertheless as it involves the waiving of a right we do not deem such statement as sufficient when the record fails to show that the court was justified in making the same.

In regard to the third error to the effect that section 239 of the Code of Civil Procedure is not applicable because it requires the recording of the judgment from which to begin computing the five years within which a writ of execution may issue, and that in the case at bar there is nothing to show that such recording was done, we will say that the judgment of 1903 was signed by the judges who rendered it as well as by the clerk of the court, read and proclaimed in open court and notice thereof served on the parties, which was all that the law then in effect required for execution to issue on a final judgment, and as the judgment was included in the record, all this constitutes the recording of the judgment. Therefore, it was not necessary to insert in the judgment record created by the Code of Civil Procedure all the judgments rendered previously in order that they might be executed and, consequently, the third ground of the appeal is likewise untenable.

The judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary did not take part in the decision of this case.